# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Michael Martin,

     Plaintiff

v.

Clark County, Nevada, et al.,

     Defendants

Case No. 2:25-cv-002490-JAD-NJK

**Order Denying Motion for Default Judgment and Directing Clerk of Court to Rename Mistitled Documents**

ECF Nos. 25, 39

Pro se plaintiff Michael Martin brings this lawsuit to address his dissatisfaction with Nevada's family-court system.[1] Motions to dismiss are pending from Defendants Danielle Palmer and Heidi Almase,[2] but Martin has filed a motion requesting a default judgment against both of them because their motions were filed after their answer deadlines.[3]

Assuming without deciding that Martin is right about the lateness of these responses, default judgment is not available against these parties. Before a default *judgment* can be entered, the clerk must enter the party's default.[4] And because Palmer and Almase are actively participating in this litigation by filing motions to dismiss (regardless of the lateness of those motions), Palmer and Almase are not in legal default. So Martin's motion for default judgment against Palmer and Almase **[ECF No. 25] is DENIED.**

---

[1] ECF No. 6.

[2] ECF Nos. 23, 32.

[3] ECF No. 25.

[4] *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Federal Rules of Civil Procedure 55(a) and (b) provide a two-step process for obtaining a default judgment).

I also take this opportunity to clean up what has become a confusing docket.

**ECF Nos. 38, 39, 40**.  It appears that a document entitled "Mr. Martin and His Children's Singular Reply to Each of the Defendants Staggard Motions for Dismissal and Counter-motion for 'Excusable Neglect' Due to Extenuating Circumstances as a Pro Se Litigant" is triple-filed in the docket at ECF Nos. 38, 39 & 40.  The court finds that this document does not seek separate legal relief such that it should be construed as a countermotion in addition to a response in the court's docket.  So to eliminate confusion, **the Clerk of Court is directed to (1) STRIKE** the copies of this document filed at **ECF Nos. 39 & 40**, and (2) **RENAME the version at ECF No. 38** as "Plaintiff's Response to Palmer's and Almase's Motions to Dismiss" [ECF Nos. 23 and 32].  **Palmer and Almase have until 4/30/26 to file their respective replies in support of their motions to dismiss.**

**ECF No. 24**.  Plaintiff already submitted a response [ECF No. 24] to the motions to dismiss filed by Defendants Danielle Dawson and the Nevada Family Law Group and those defendants' cross-joinders in the same.  To eliminate further confusion in the docket, the Clerk of Court is also directed to **RENAME the docket entry at ECF No. 24 as Plaintiff's RESPONSE to the motions to dismiss and joinders at ECF Nos. 23, 19, 22, and 32.**

**ECF No. 30**.  The document titled "Mr. Martin and his Children's Motion for Discovery Plan and Scheduling Order" [ECF No. 30] should not have been filed as a motion but rather as a proposed discovery plan and scheduling order.  So the Clerk of Court is directed to **RENAME the docket entry at ECF No. 30 as "Plaintiff's Proposed Discovery Plan and Scheduling Order."**

**ECF No. 41**.  The document titled "Mr. Martin and his Children's Reply to the Defendants [sic] Motion to Stay Discovery" at ECF No. 41 is actually a response to the joint

motion filed at ECF No. 37.  The Clerk of Court is directed to **RENAME the docket entry at ECF No. 41 as Plaintiff's  RESPONSE to the joint motion to stay discovery at ECF No. 37.**

**Guidance for naming documents.**  Finally, **Mr. Martin is advised that a brief submitted in opposition to a motion filed by any defendant must be titled a "RESPONSE to" that motion, not a "REPLY."**  A *reply* is what the moving party files to respond to points raised in a *response*.  So the order of briefing should follow this naming convention, using Defendant Dawson's Motion to Dismiss as an example:

**Motion** to Dismiss

**Response** to Defendant Danielle Dawson's Motion to Dismiss

**Reply** in Support of Motion to Dismiss

_____
U.S. District Judge Jennifer A. Dorsey
April 23, 2026

3