**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Michael Martin,

Plaintiff

v.

Heidi Almase, Danielle Palmer, Nevada Family Law Group LLC, Danielle Dawson, and Clark County,

Defendants

Case No.: 2:25-cv-02490-JAD-NJK

**Order Granting Motions to Dismiss and Closing Case**

[ECF Nos. 17, 18, 23, 32]

Pro se plaintiff Michael Martin sues his ex-wife Danielle Palmer, Palmer's family-law attorneys, Judge Heidi Almase, and Clark County, Nevada, for alleged violations of his rights during family-court proceedings. All defendants but Clark County move to dismiss. Judge Almase is entitled to judicial immunity, Martin's *Monell* theory against Clark County is based solely on immune judicial acts, and Palmer and her attorneys are private actors not subject to liability under 42 U.S.C. § 1983, so I grant the defendants' motions and sua sponte dismiss the claims against Clark County. And because granting leave to amend would not cure these fatal defects, I dismiss Martin's complaint in its entirety and close this case.

## Background

### A. Martin's amended complaint alleges constitutional violations stemming from family-court proceedings.

Michael Martin alleges that his ex-wife Danielle Palmer, her family-law attorney Danielle Dawson and her law firm Nevada Family Law Group, family-court judge Heidi Almase, and Clark County have been systemically violating his constitutional rights throughout

family-court proceedings that have been ongoing for approximately six years.[1] He brings these claims under 42 U.S.C. § 1983, contending that the defendants engaged in "coercive, ultra vires, and non-judicial acts" to deprive him of his First and Fourteenth Amendment rights, among others.[2]

Martin contends that Judge Almase compelled his agreement to a "parenting-coordinator" contract based on Palmer's request, "notwithstanding the absence of legal authority, evidence, or statutory findings" to support it.[3] Martin appealed that determination and argued that Almase's actions violated his constitutional rights, but he claims that "both the Family Court and the Nevada Supreme Court adopted a posture of avoidance and concealment" when they did not adjudicate his constitutional claims on their merits.[4] In his view, enforcement of the parenting-coordinator contract violated:

- the First Amendment, "by creating additional procedures to redress the government";
- the Fourth Amendment prohibition against unlawful searches and seizures, because the parental coordinator requested medical releases and financial information;
- the Fifth Amendment right against self-incrimination, because the parental coordinator "would write reports, based on statements made without legal representation, which could be defamatory and used in progressive litigation";
- the Eighth Amendment's prohibition against excessive fines, because Martin was "forced to pay $1,500 [in] retainer fees for the parental coordinator";

---

[1] ECF No. 6 at 3.

[2] *Id.* at 4.

[3] *Id.* at 22.

[4] *Id.* at 23.

- the Ninth Amendment, because the contract "restricted parentage rights";
- the Thirteenth Amendment's prohibition against slavery and involuntary servitude, because the family court imposed financial sanctions that made Martin "an indentured financial servant to the court's will"; and
- the Fourteenth Amendment's right to due process and equal protection.[5]

Martin also contends that Judge Almase violated his due-process rights when she vacated various hearings that he'd requested.[6]

Martin takes issue with the Nevada Supreme Court's denial of his appeals related to the parenting-coordinator order, too.[7] He contends that their procedural determinations were designed to deprive him of his right to be heard and prevent him from obtaining review from the U.S. Supreme Court.[8] Martin argues that "[t]hese acts were not isolated errors, but reflected institutional customs, practices, and decisions of final policymakers" in Clark County, and he thus sues the county for municipal liability under *Monell v. Department of Social Services*.[9]

Martin further alleges that Palmer's lawyer Danielle Dawson and her law firm, Nevada Family Law Group, "engaged in conduct that foreseeably and substantially interfered with [his] parental familial relationships and access to justice."[10] He claims that Dawson sent him threatening email communications, "created character assassination explanations slandering"

---

[5] *Id.* at 11–12.

[6] *Id.* at 15.

[7] *Id.* at 16–20.

[8] *Id.* at 11.

[9] *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[10] ECF No. 6 at 24.

him, and orchestrated various traps with Palmer to deprive him of custody and visitation rights.[11] Martin also sues Palmer for concocting false accusations of child abuse and violating custody arrangements.[12]

Martin seeks $30 million against Clark County, $5 million against Judge Almase, $2 million against Nevada Family Law Group, and $5 million against Danielle Dawson in compensatory and punitive damages for the violations of his rights.[13] He also asks that his "joint physical and legal custody of [one of his children, identified as J.M.] be reinstated and a child-custody visitation and exchange be remodified providing a safe manner for visitations."[14]

**B. The defendants move to dismiss Martin's amended complaint.**

Dawson, the Nevada Family Law Group, and Judge Almase separately move to dismiss Martin's amended complaint,[15] and Palmer filed a joinder in those motions.[16] Dawson contends that this court lacks subject-matter jurisdiction over Martin's claims because they are barred by one of three judicial doctrines restricting a federal court's ability to interfere with state-court proceedings.[17] Dawson, the Law Group, and Palmer all contest liability under § 1983 because they are not state actors. Judge Almase contends that she is entitled to judicial immunity for the conduct Martin identifies in his complaint. And each defendant contends in some manner that Martin's allegations fail to state a claim.

---

[11] *Id.* at 24–26.

[12] *Id.*

[13] *Id.* at 27–28.

[14] *Id.* at 29.

[15] ECF Nos. 17, 18, 32.

[16] ECF No. 23.

[17] ECF No. 17 at 6–10 (contending that the *Rooker-Feldman* doctrine, the *Younger* doctrine, and the domestic-relations exception each deprive this court of subject-matter jurisdiction).

## Discussion

### A. Judge Almase is entitled to judicial immunity and Martin's *Monell* claim fails.

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."[18] A judge lacks immunity only when she acts in the "clear absence of all jurisdiction"[19] or performs an act that is not "judicial" in nature.[20] Acts are judicial in nature if "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in . . . her official capacity."[21] "Jurisdiction is construed broadly [when] the issue is the immunity of a judge."[22] A judge lacks immunity only if her conduct stems from "a clear lack of all subject matter jurisdiction"[23]—she is not deprived of immunity if she "takes actions [that] are in error, are done maliciously, or are in excess of [her] authority."[24]

Judge Almase is judicially immune from Martin's complaint. He asserts that Judge Almase's orders, decisions about vacating hearings, and procedural determinations violated his rights. Those are all quintessentially judicial functions, taken squarely within her jurisdiction over Martin's family-court proceedings. Martin contends that Judge Almase lacked jurisdiction

---

[18] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

[19] *Bradley v. Fisher*, 80 U.S. 335, 351 (1871).

[20] *Stump v. Sparkman*, 435 U.S. 349, 360 (1978).

[21] *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989)).

[22] *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (quoting *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990)).

[23] *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) (cleaned up).

[24] *Meek*, 183 F.3d at 965.

to make those determinations because they lacked a statutory basis or enforced private contractual rights.[25] But Martin concedes throughout his complaint that Judge Almase's acts were all related to Martin's family-court cases and were done within the confines of that court. Even if I accepted Martin's conclusory allegations that Judge Almase acted without statutory authority for particular actions, she is still entitled to judicial immunity because she did not act in the clear absence of all subject-matter jurisdiction. So I grant Judge Almase's motion to dismiss the claims against her.

It's unclear if Martin also intended to bring separate claims against the Nevada Supreme Court justices who handled his appeals. He includes several allegations about those appellate proceedings, but he does not name the justices as defendants. To the extent that he did wish to bring those claims, they would also be barred by judicial immunity. Martin complains of the manner in which his appeals were handled, but it is clear from the allegations that those actions were judicial in nature and taken within the scope of the Nevada Supreme Court's appellate jurisdiction. Martin's disagreement with the outcome of those appeals does not deprive the justices of judicial immunity. I thus do not permit leave to amend to add or clarify any of the claims Martin may have intended to bring against members of the Nevada Supreme Court. And because Martin's *Monell* claim is premised solely on (and thus derivative of) the immune

[25] ECF No. 6 at 14.

conduct of those judicial defendants,[26] I also find that Martin cannot state a municipal-liability claim against Clark County.[27] So I dismiss that claim, too.

**B. Palmer and her attorneys cannot be sued under § 1983 because they are not state actors.**

"To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law."[28] A defendant can be liable as a state actor under § 1983 if he "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."[29] Typically, only public agencies and officers act under color of state law, but private individuals can be liable under § 1983 "only if there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself."[30]

Palmer, Dawson, and the Nevada Family Law Group are not state actors. Palmer is a private litigant opposing Martin in his state-court proceedings, and Dawson and her law firm represent Palmer. Martin does not allege that these defendants are state actors, nor does he allege that they are acting in such close concert with state actors that their conduct could be attributed to the state. None of the facts Martin alleges against the private defendants suggest

---

[26] *Id.* at 14–15 ("The Eighth Judicial District Court and its supervising authorities (NSC) maintained customs and practices of: enforcing nonconforming orders; avoiding merits adjudication; [and] using financial sanctions to deter litigation." (cleaned up)).

[27] *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (finding that a court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) "without notice [if] the claimant cannot possibly win relief").

[28] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

[29] *West v. Atkins*, 487 U.S. 42, 49 (1988) (cleaned up).

[30] *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002) (cleaned up).

any collusion or conduct that would give rise to an inference that they are acting under color of state law. Instead, Martin focuses on the alleged facts that Palmer made false accusations against him and that her attorney presented those accusations to the court. None of those allegations suggest that Palmer or her lawyers can be held liable under § 1983, so I dismiss the claims against Palmer, Dawson, and the Nevada Family Law Group.

**C. Martin doesn't seek leave to amend, and granting it would be futile.**

Martin does not seek leave to amend his complaint to cure the deficiencies the defendants identified in their motions to dismiss. But because courts must construe pro se pleadings liberally and must give leave to amend when justice so requires,[31] I consider whether leave to amend is warranted here. The Ninth Circuit has made it clear that leave to amend should be denied if a complaint's defects cannot be cured and further amendment would be futile.[32]

I find that the claim defects identified in this order cannot be cured by any further amendment. The facts alleged in Martin's complaint support only the findings that Judge Almase is entitled to judicial immunity and the private defendants are not subject to § 1983 liability. Martin has not identified any facts, either in his complaint or in his response to the dismissal motions, that would suggest that he is able to overcome those legal bars. So, because amendment would be futile, I dismiss Martin's complaint without leave to amend and I close this case. And because Martin's case is resolved on the issues of judicial immunity and § 1983 liability alone, I do not address the defendants' alternative arguments for dismissal.

---

[31] Fed. R. Civ. P. 15(a)(2).

[32] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

**Conclusion**

IT IS THEREFORE ORDERED that the motions to dismiss **[ECF Nos. 17, 18, 23, 32] are GRANTED**. Michael Martin's complaint is DISMISSED in its entirety and without leave to amend, and **the Clerk of Court is directed to CLOSE THIS CASE**.

U.S. District Judge Jennifer A. Dorsey
October 14, 2026